IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KERRY LEMONTE RODGERS,

    Petitioner,                  No. CIV S-00-0961 LKK DAD P

    vs.

CHERYL PLILER, Warden,

    Respondent.               ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a motion for relief pursuant to Federal Rule of Civil Procedure 60(b).

        The court's records reflect that petitioner's application for a writ of habeas corpus was denied on September 23, 2003. Petitioner filed a timely notice of appeal, and this court issued a certificate of appealability on the following issues: (1) whether petitioner was denied effective assistance of counsel when his attorney failed to determine how long the state's plea offer would remain open and (2) whether petitioner was denied effective assistance of counsel when his attorney failed to advise him that a rejection of the plea offer would, or might, terminate the offer. On April 13, 2005, the United States Court of Appeals for the Ninth Circuit affirmed the denial of his application for a writ of habeas corpus.

/////

On April 25, 2005, petitioner filed his Rule 60(b) motion in the district court, requesting that this court indicate whether it wishes to entertain the motion. Petitioner filed a petition for rehearing in the Ninth Circuit but moved to stay appellate proceedings in order to permit the district court to state whether it wishes to entertain the Rule 60(b) motion. On June 2, 2005, the Ninth Circuit denied the petition for rehearing and ordered that no further filings would be accepted in the closed appeal. The Ninth Circuit's mandate was issued on June 10, 2005.

In his Rule 60(b) motion, petitioner asserts that the district court's decision in this case filed September 23, 2003, is inconsistent with the same court's decision previously filed January 8, 2003, in Nunes v. Mueller, et al., case No. CIV S-98-0106 LKK JFM P (E.D. Cal.), aff'd and remanded with directions, 350 F.3d 1045 (9th Cir. 2003). Petitioner contends that his case and the Nunes case "are identical in facts and law" and that this court, having apparently overlooked material points of fact and law, might want to revisit his case to achieve uniformity in its decisions in cases that are indistinguishable.[1]

"Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." Gonzalez v. Crosby, ___ U.S. ___, 125 S. Ct. 2641, 2646 (2005) (footnote omitted) (citing 28 U.S.C. § 2254 Rule 11 & Fed. R. Civ. P. 81(a)(2)). A pleading labeled a Rule 60(b) motion is in essence a second or successive habeas petition if it seeks to advance one or more habeas claims on the merits. Id. at 2647-48. A Rule 60(b) motion that attacks the federal court's previous resolution of a claim on the merits is a second or successive habeas corpus application and, as such, is subject to the limitations of 28 U.S.C. § 2244(a) and (b). Id. at 2648. Section 2244(b) provides that a claim presented in a prior application "shall be dismissed." 28 U.S.C. § 2244(b)(1).

/////

---

[1] Petitioner cited the Nunes case in his opening brief on appeal. (Opening Br. of Appellant, filed Jan. 16, 2004, at 22.)

1    In his Rule 60(b) motion, the petitioner in this case seeks to advance his claim of
2 ineffective assistance of counsel.  Petitioner's motion is an attack on the district court's previous
3 resolution of his claim on the merits.  Because the claim has been presented in a prior
4 application, the renewed claim must be dismissed as second or successive.
5    Accordingly, IT IS HEREBY ORDERED that petitioner's April 25, 2005 motion
6 for relief pursuant to Rule 60(b) is denied.
7 DATED:  September 12, 2005.

                                                    /s/Lawrence K. Karlton
                                                    UNITED STATES DISTRICT JUDGE

/rodg0961.60b