1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KERRY LEMONTE RODGERS,                 No.  2:00-cv-00961 LKK DAD P

12                 Petitioner,

13          vs.

14   CHERYL K. PLILER, Warden,

15                 Respondent.              FINDINGS & RECOMMENDATIONS

16

17          Petitioner is a state prisoner proceeding pro se with a motion for reconsideration of

18   the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254.  On

19   September 23, 2003, the court denied petitioner's application for habeas relief.  (ECF No. 27.)

20   That same day the Clerk of the Court entered judgment for respondent.  (ECF No. 28.)  Petitioner

21   filed an application for a certificate of appealability (ECF No. 29), which this court granted in

22   part (ECF No. 31).  On appeal, the Ninth Circuit held in an unpublished opinion that "the district

23   court properly denied his petition," and affirmed the judgment. Rodgers v. Pliler, No. 03-17164,

24   127 Fed. Appx. 967, 968 (9th Cir. 2005) (unpublished).

25          Now before the court is a motion for reconsideration filed by petitioner pursuant to

26   Federal Rule of Civil Procedure ("Rule") 60(b).  (ECF No. 57.)  Therein petitioner argues the

27   Supreme Court's recent decisions in the companion cases Missouri v. Frye, 556 U.S. ___, 132 S.

28   Ct. 1399 (2012), and Lafler v. Cooper, 556 U.S. ___, 132 S. Ct. 1376 (2012), represent "an

                                             1

1   intervening change in the law that was contrary to the 'Findings and Recommendations' adopted

2   by" the District Court.  (Mot. Recons. Pursuant Federal Rule Civil Procedure, Rule 60(b), Mem.

3   P. & A. in Supp. Thereof (ECF No. 57) at 1:21-23, 2:2-5.)  Specifically, petitioner contends:

4   "Had Petitioner's Ineffective Assistance of Counsel Claims been considered under" Frye and

5   Lafler, "there is no question that Petitioner would have prevailed."  (Id. at 10:25-26.)  Although

6   petitioner served his motion for reconsideration on respondent, no response to the pending motion

7   has been filed with the court.  For the reasons that follow, the undersigned construes petitioner's

8   motion as a successive habeas petition and will recommend that the successive petition be

9   dismissed.

10  **I.   Discussion**

11         Petitioner argues that the Supreme Court's recent decisions in Frye and Lafler

12  constitute a subsequent change in substantive law, i.e., "extraordinary circumstances justifying

13  the re-opening of a final judgment," under Rule 60(b)(6).  (Mot. Recons (ECF No. 57) at 9:12)

14  (quoting Klapprott v. United States, 335 U.S. 601 (1949)).  The Supreme Court has addressed this

15  precise procedural circumstance in the case of Gonzalez v. Grosby, 545 U.S. 524 (2005).

16         In Gonzalez, the Supreme Court held "a Rule 60(b) motion" in which petitioner

17  argues "that a subsequent change in substantive law is a 'reason justifying relief'" from a

18  judgment denying an application for federal habeas relief, "is in substance a successive habeas

19  petition and should be treated accordingly."  545 U.S. at 531 (emphasis added).  The Supreme

20  Court reasoned that otherwise, "a Rule 60(b) motion based on a purported change in the

21  substantive law governing the claim could be used to circumvent [28 U.S.C.] § 2244(b)(2)(A)'s

22  dictate that the only new law on which a successive petition may rely is a 'new rule of

23  constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was

24  previously unavailable.'"  Id. at 531-32.  Moreover, the Supreme Court in Gonzalez observed that

25  allowing a habeas petitioner to use Rule 60(b) to assert a claim based on an intervening change in

26  the law "would impermissibly circumvent the requirement that a successive habeas petition be

27  precertified by the court of appeals as falling within an exception to the successive-petition bar."

28  Id. at 532 (citing 28 U.S.C.§ 2244(b)(3)).

1    Here, under the holding in Gonzalez, the undersigned finds petitioner's Rule 60(b)

2    motion is "in substance a successive habeas petition."  545 U.S. at 531.  Since petitioner's

3    successive habeas petition asserts that he received ineffective assistance of counsel during plea

4    negotiations — the same claim presented in petitioner's "prior application" (ECF Nos. 24, 27) —

5    the undersigned recommends that this successive habeas petition "be dismissed."  28 U.S.C. §

6    2244(b)(1).  As the Ninth Circuit previously advised petitioner in this case, "[i]f petitioner wishes

7    to file a second or successive 28 U.S.C. § 2254 petition . . . , petitioner must first move [the U.S.

8    Court of Appeals for the Ninth Circuit] for an order authorizing the district court to consider that

9    petition."  (Order filed June 26, 2006 (ECF No. 54).)  Any such motion would be required to meet

10   the requirements set forth in 28 U.S.C. § 2244(c).[1]

11   **II.  Conclusion**

12   Accordingly, for all the reasons set forth above, IT IS HEREBY RECOMMENDED that

13   petitioner's filing submitted as a Rule 60(b) motion be deemed in substance an unauthorized

14   successive application for a writ of habeas corpus and therefore be DISMISSED.

15   These findings and recommendations are submitted to the United States District Judge

16   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

17   after being served with these findings and recommendations, any party may file written

18   objections with the court and serve a copy on all parties.  Such a document should be captioned

19   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

20   shall be served and filed within fourteen days after service of the objections.  Failure to file

21   objections within the specified time may waive the right to appeal the District Court's order.

22   Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

23   1991).  In his objections petitioner may address whether a certificate of appealability should issue

24   in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing

25   /////

26

27   [1] However, before filing such a motion with the appellate court petitioner may consider that the
Ninth Circuit has already held that, "neither Frye nor Lafler can form the basis for an application
for a second or successive motion because neither case decided a new rule of constitutional law."

28   Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir. 2012).

3

1  <u>Section 2254 Cases in the United States District Courts</u> (the district court must issue or deny a

2  certificate of appealability when it enters a final order adverse to the applicant).

3  Dated:  September 3, 2013

4

5  _____
   DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE
6

7  DAD:gp
   Rodgers.0961.hc

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28